IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| RYAN LAMBERT,<br>an individual,<br>    *Plaintiff*,<br><br>v.<br><br>NEW ERA INVESTMENTS 1 LLC,<br>a limited liability company,<br>    *Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 6:22-CV-00397-ADA-DTG |

### ORDER GRANTING PLAINTIFF RYAN LAMBERT'S MOTION FOR SUBSTITUTE SERVICE OF PROCESS

Come on for consideration is Plaintiff's Motion for Substitute Service of Process (the "Motion") on Defendant New Era Investment 1 LLC. ECF No. 6. After careful consideration of the Motion and the applicable law, the Court **GRANTS** Plaintiff's Motion.

### I. BACKGROUND

On April 19, 2022, Plaintiff Ryan Lambert ("Lambert") filed this suit alleging claims under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq.* (the "ADA") against Defendant New Era Investments 1 LLC ("New Era Investments"). ECF No. 1 at 1–2. Lambert alleges that the violation derives from a "failure to remove physical barriers to access" at Mickey's Pit Stop, a business operated by New Era Investments. ECF No. 1 at 2, 3.

New Era Investments is a Texas limited liability company registered with the Secretary of State. ECF No. 1 ¶ 8. Mickey's Pit Stop is located and conducts business at the address 311 S Robinson Dr, Robinson, TX 76706. ECF No. 1 ¶ 9. New Era Investments lists the same 311 S

1

Robinson Dr address for its registered agent, Ali Bhayani, in business records with the Secretary of State.[1]

Lambert has attempted to effect service upon New Era Investments by employing Austin Process LLC. *See* ECF No. 6-2. On July 20, 2022, Melinda Choate of Austin Process LLC attempted to serve New Era Investments through Ali Bhayani at the address of 311 S Robinson Dr, where an employee stated that Bhayani was out of the country. ECF No. 6-2 at 2. On July 27, 2022, Choate made a second attempt to serve Ali Bhayani at the 311 S Robinson Dr address and was told that Bhayani had not yet returned from his trip abroad. ECF No. 6-2 at 2. On August 15, 2022, Choate made another attempt to serve Bhayani but found Mickey's Pit Stop had not yet opened for the day at the 8:08 visit. ECF No. 6-2 at 2. On August 16, 2022, Choate made a final attempt. ECF No. 6-2 at 2. Choate was told by Ali that he was "the wrong person" and "the person we are looking for lives in Dallas[.]" ECF No. 6-2 at 2. On September 3, 2022, Roger Bigony of Austin Process LLC attempted service at the Dallas address provided by Ali, 7217 Penshire Ln, Dallas, TX 75227. ECF No. 6-2 at 3. A neighbor informed Bigony that the address is the residence of the Eddingtons and did not recognize the name Ali Bhayani. ECF No. 6-2 at 3. On October 14, 2022, Vivian Smith of Austin Process LLC made a final attempt to serve New Era Investments through Ali Bhayani at a registered agent company, Zenbusiness, address 5511 Parkcrest Drive Suite 103, Austin, TX 78731. ECF No. 6-2 at 1. Smith spoke with an associate but was told that Zenbusiness was not an agent for New Era Investments. ECF No. 6-2 at 1. On March 21, 2023, Lambert filed the present request from the Court to authorize substituted service of process. ECF No. 6. Lambert requests, pursuant Tex. R. Civ. P. 106, leave to serve New Era

---

[1] New Era Investments last updated its records with the Texas Secretary of State on October 15, 2021. It maintained Ali Bhayani and the address of 311 S Robinson Dr, Robinson, TX 76706 for the registered agent at that time. New Era Investments also lists Ali Bhayani and the 311 S Robinson Dr address as its registered agent in its Form 05-102 Texas Franchise Tax Public Information Report filings.

Investments by service upon the Secretary of State, service through mailing a copy of the petition, or service upon another person over the age of sixteen at the specified location. ECF No. 6 at 2–3.

## II.   LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure controls the means of service of process in a federal cause of action. Fed. R. Civ. P. 4. Rule 4(h) governs the methods for which service may be effected upon a corporation, partnership, or unincorporated association. Fed. R. Civ. P. 4(h). Plaintiffs may serve entities within the United States as "prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Additionally, parties may serve an entity by delivery to "an officer, a managing or general agent, or any other agent authorized" and mailing a copy. Fed. R. Civ. P. 4(h)(1)(B). Rule 4(e)(1) provides that an individual located within a United States judicial district may be served pursuant to the state law "where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Rule 106 of the Texas Rules of Civil Procedure governs the methods of service for Texas. Tex. R. Civ. P. 106. Without an order of the court, plaintiffs may perfect service upon a defendant by in-person delivery or mailing the documents "by registered or certified mail, return receipt requested." Tex. R. Civ. P. 106(a). Further, the Texas Rules of Civil Procedure provide a method of substitute service of process after demonstrating reasonable efforts have been made to serve defendants pursuant to Rule 106(a). Tex. R. Civ. P. 106(b). Rule 106(b)(1) provides that a defendant may be served by "leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified." Tex. R. Civ. P. 106(b)(1). Texas also includes statutes governing the service of process for business entities within Chapter 5 of the Texas Business Organizations Code. Tex. Bus. Orgs. Code Ann. § 5.251 *et seq*. Chapter 5 provides that service

on a business entity may effected by delivering "duplicate copies of the process, notice, or demand" and the accompanying fees to the Secretary of State. Tex. Bus. Orgs. Code Ann. § 5.252. Additionally, "each member of a member-managed . . . limited liability company is an agent of that limited liability company" for purposes of receiving service of process. Tex. Bus. Orgs. Code Ann. § 5.255(3).

Texas rules require a reasonable effort be made to serve defendants pursuant to Rule 106(a), supported by an affidavit. Tex. R. Civ. P. 106(b). The affidavit must set forth the location of the attempted service and the facts supporting the unsuccessful attempt. *Id.* The Texas Supreme Court has held that strict compliance with the supporting affidavit is required to authorize substituted service of process. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). More specifically, the supporting affidavit must meet the "requirements of the rule demonstrating the necessity for other than personal service." *Id.* The court in *Wilson v. Dunn*, emphasized that "jurisdiction is dependent upon" defendants being served "in a manner provided for by law." *Id.*

The Supreme Court has stated that service of process "is fundamental to any procedural imposition on a named defendant." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999) (addressing the historical origins of service of process from a writ in the royal court system). Previously, the Supreme Court had stated that "[t]he requirement that a court have personal jurisdiction flows . . . from the Due Process Clause." *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982). Indeed, service of process is generally required for a court to exercise personal jurisdiction over a defendant. *Murphy Bros.*, 526 U.S. at 350 (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (superseded by

statute on other grounds related to personal jurisdiction through service of process)). The defendant may elect to waive the requirement for service of process. *Id.* at 351.

### III.   ANALYSIS

**A.  Lambert has shown reasonable efforts to serve New Era Investments.**

Rule 106(b) requires that a motion requesting substituted service of process be supported by an affidavit that sets forth the location of attempted service and the reason the attempt was unsuccessful. Tex. R. Civ. P. 106(b). Here, Lambert has demonstrated compliance with Rule 106(b).

Lambert's Motion was supported by the affidavits of three process servers regarding their multiple attempts at serving New Era Investments. ECF No. 6-2. In July and August, four attempts to serve the registered agent, Ali Bhayani, at the registered office address of 311 S Robinson Dr, Robinson, TX. ECF No. 6-2 at 2. The first process server, Melinda Choate, made two unsuccessful attempts to effect service while Bhayani was said to be out of the country. ECF No. 6-2 at 2. Choate had an additional unsuccessful attempt after finding the business had not yet opened for the day on August 15. ECF No. 6-2 at 2. A final unsuccessful attempt was the result of being told by Ali "I have the wrong person. He told me that the person we are looking for lives in Dallas and that he is not this person." ECF No. 6-2 at 2. Following the Dallas recommendation, Roger Bigony attempted to effect service upon Ali Bhayani at 7127 Penshire Ln, Dallas, TX. ECF No. 6-2 at 3. Bigony received no answer. ECF No. 6-2 at 3. Bigony was told by a neighbor that the address is "the Eddington residence." ECF No. 6-2 at 3. Dallas County records confirmed the Eddington ownership. ECF No. 6-2 at 3. Vivian Smith made a final attempt to effect service of process upon New Era Investments. ECF No. 6-2 at 1. Smith attempted to effect service at registered agent company, Zenbusiness, located at the address of 5511 Parkcrest Dr, Suite 103, Austin, TX. ECF No. 6-2 at 1. Zenbusiness stated that it "is not the registered agent of New Era Investments 1, LLC." ECF No. 6-2 at 1.

The affidavits have demonstrated reasonable diligence by Lambert to effect the service of process on New Era Investments at its registered address and to its registered agent. Service of process has been held to be sufficient where multiple attempts "to serve Defendant's registered agent" have been made at the "address listed with the Texas Secretary of State." *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-cv-4094-M, 2013 U.S. Dist. LEXIS 61928, at *3 (N.D. Tex. May 1, 2013).

**B. Lambert's requested methods of alternative service of process comply with Due Process rights.**

Lambert has requested leave to effect service by any of the following methods: (1) service upon the Texas Secretary of State; (2) delivery by mail; or (3) leaving a copy with any person over sixteen years of age "at the defendant's residence or other place where the defendant can probably be found." ECF No. 6 at 3. Each of the requested methods is permissible here.

Courts may grant leave to effect service of process upon the Secretary of State after reasonable diligence in attempting to serve the registered agent has been demonstrated. *John Perez Graphics & Design, LLC*, 2013 U.S. Dist. LEXIS 61928, at *3. Lambert's motion is supported by three affidavits recording unsuccessful attempts to serve New Era Investment's registered agent. *See* ECF No. 6-2. Lambert has demonstrated reasonable diligence upon the multiple unsuccessful attempts *John Perez Graphics & Design, LLC* court test. *John Perez Graphics & Design, LLC*, 2013 U.S. Dist. LEXIS 61928, at *3. Accordingly, service of process effected through the Secretary of State is permissible.

Rule 106(a)(2) expressly permits service of process upon a defendant "by registered or certified mail, return receipt requested" without an order of the court. Tex. R. Civ. P. 106(a)(2). Accordingly, Lambert does not require leave of the court to attempt service of process, by registered or certified mail, pursuant to Rule 106(a)(2).

Courts may grant leave to effect substituted service of process on another party over sixteen years of age at a specified location after reasonable diligence is demonstrated by affidavit. Tex. R. Civ. P. 106(b). Lambert demonstrated reasonable diligence with supporting affidavits to the Motion. *See* ECF No. 6-2. Lambert is permitted to attempt substituted service through another person over sixteen years of age at "defendant's residence or other place where defendant can probably be found." ECF No. 6 at 3.

## IV.   CONCLUSION

Here, Lambert has shown reasonable diligence to effect service of process on New Era Investments by personal delivery. *See* ECF No. 6-2. Lambert has now requested leave to effect substituted service of process on New Era Investments through (1) service of process on the Secretary of State, (2) service of process by registered or certified mail, or (3) substituted service through another over the age of sixteen at defendant's residence or another place to be found. ECF No. 6 at 3. This Court finds that the requested means for alternative service of process comply with constitutional due process and the applicable law. It is therefore **ORDERED** that Plaintiff's Motion for Substitute Service of Process is **GRANTED**.

SIGNED this 30th day of May, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE